UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER B0823PP1308460, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:18-cv-1421 (TSE/TCB) |
| ADVANFORT COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Certain Underwriters at Lloyd's, London subscribing to Policy Number B0823PP1308460 and Berkshire Hathaway International Insurance, Ltd.'s ("Plaintiffs") three discovery motions: their (1) Motion to Compel (Dkt. 60), (2) Motion for Discovery Sanctions (Dkt. 76), and (3) Motion for Supplemental Sanctions (Dkt. 105). For the reasons articulated below, the Court will award Plaintiffs $28,468.90 in attorneys' fees and costs.[1]

---

[1] Relevant filings before the Court include Plaintiffs' Brief in Support of their Motion to Compel (Dkt. 61) ("Pls.' Mot. Compel Mem. Supp."); Plaintiffs' Brief in Support of their Motion for Discovery Sanctions (Dkt. 77) ("Pls.' Mot. Sanctions Mem. Supp."); Plaintiffs' Notice of Filing Their Statement of Attorney Fees and Costs Incurred in Bringing Motions to Compel and for Sanctions (Dkt. 91) ("Pls.' Fees and Costs"); Pls.' Brief in Support of Their Motion for Supplemental Sanctions (Dkt. 105) ("Pls.' Mot. Supplemental Sanctions Mem. Supp."); Plaintiffs' Notice of Filing Their Supplemental Statement of Attorney Fees and Costs (Dkt. 114) ("Pls.' Supp. Fees and Costs"); and all attachments and exhibits submitted with those filings.

1

I. B<span style="font-variant:small-caps">ackground</span>

A.   **Plaintiffs' Motion to Compel and Motion for Discovery Sanctions**

This matter is a declaratory judgment action filed by Plaintiffs to judicially confirm lack of insurance coverage for Defendant's asserted claims. (*See generally* Dkt. 7.) On March 27, 2019, Plaintiffs served their First Interrogatories and First Requests for Production on Defendant. (Pls.' Mot. Compel Mem. Supp. at 3, Exs. 1-2.) Defendant failed to respond with objections within fifteen (15) days, and ultimately served its responses and objections together on April 24, 2019. (*See id.* Exs. 3-4.) After the parties' meet-and-confer efforts failed to resolve deficiencies in Defendant's responses, Plaintiffs filed a Motion to Compel (Dkt. 60). The undersigned held a hearing on May 31, 2019, and entered an Order granting in part Plaintiffs' motion. (Hr'g Tr. 18:8-12, Dkt. 75; Dkt. 67.) The Court ordered Defendant to provide revised answers to Interrogatories 3-14 and 18-20 in narrative form. (Hr'g Tr. 16:10-15; 17:10-13.)[2]

Defendant submitted its First Amended Responses to Plaintiffs' First Interrogatories on June 7, 2019. (Pls.' Mot. Sanctions Mem. Supp. at 3, Ex. 1.) Plaintiffs then filed a Motion for Discovery Sanctions (Dkt. 76), arguing that Defendant's First Amended Responses failed to comply with the Court's earlier Order. (*Id.* at 6-18.) The Court held a hearing on July 12, 2019, and again found that Defendant's interrogatory responses were grossly inadequate. (*See* Hr'g Tr. 25:8-9, Dkt. 88; *see also* Dkt. 89 at 5.) Following the hearing, the Court entered an Order continuing the hearing for Plaintiffs' Motion for Discovery Sanctions and ordering Defendant to fully comply with the Court's prior discovery Order. (Dkt. 83.)

Defendant then submitted its Second Amended Responses to Plaintiffs' Interrogatories. (Dkt. 84.) The Court held a third hearing and ultimately issued a Memorandum Opinion and

---

[2] The undersigned granted Plaintiffs' motion except with respect to Defendant's Answers to Interrogatories 1 and 2. (Hr'g Tr. 18:8-12, Dkt. 75.)

Order ("Sanctions Order") (Dkt. 89). The Court ruled that (1) Defendant violated Federal Rule of Civil Procedure 37(b)(2) and the Court's prior Order; (2) Defendant's violations were unjustified and harmful, and (3) sanctions were appropriate. (*See* Sanctions Order at 7-17.) The Court also specifically ordered the following:

> [P]ursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii), Defendant is limited to the answers provided in its Second Amended Response at summary judgment and trial. Defendant may not deviate from those answers in any regard, including any attempts to further "clarify" its answers. Nor may Defendant, either at summary judgment or trial, use, introduce into evidence, or even reference any documents, testimony, or information not already provided to Plaintiffs through discovery. Should Defendant fail to follow this Order, Plaintiffs may seek supplemental sanctions.

(*Id.* at 17.) Furthermore, the Court ordered Plaintiffs to submit their statement of fees and costs incurred in bringing their Motion to Compel and Motion for Discovery Sanctions. (*Id.*) Plaintiffs complied, requesting the Court to award them $20,443.91 in total. (Pls.' Fees and Costs, Ex. 1 ¶ 8.) Specifically, Plaintiffs incurred $19,087.00 in attorneys' fees and expenses, and $1,356.91 in other reimbursable costs. (*Id.* ¶¶ 6-8.) Defendant did not file a response to Plaintiffs' Statement of Fees and Costs.

### B. Plaintiffs' Motion for Supplemental Sanctions and Summary Judgment Pleadings

Meanwhile, Plaintiffs and Defendant briefed the Court on their respective motions and cross-motions for summary judgment. On August 20, 2019, Plaintiffs filed their Motion for Summary Judgment (Dkt. 94). On September 3, 2019, Defendant filed its Renewed Cross-Motion for Summary Judgment (Dkt. 100) and the accompanying memorandum of law ("Summary Judgment Brief") (Dkt. 101). Defendant attached three exhibits to its Summary Judgment Brief: (1) an excerpt of Ahmed Farajallah's deposition transcript (Dkt. 101-1); (2) a declaration by Ahmed Farajallah dated August 30, 2019 (Dkt. 101-2); and (3) a declaration by

3

Samir Farajallah dated August 30, 2019 (Dkt. 101-3) (collectively, the undersigned will refer to the latter two exhibits as the "Farajallah Declarations"). Discovery in this case closed on June 25, 2019. (*See* Dkt. 73.) Thus, Defendant produced the Farajallah Declarations over two months after the close of discovery.

On September 20, 2019, Plaintiffs filed a Motion for Supplemental Sanctions (Dkt. 105), alleging that Defendant had again defied this Court's Order by deviating from the information in the Second Amended Responses in its summary judgment pleadings and exhibits. (*See* Pls.' Mot. Supplemental Sanctions Mem. Supp. at 1-2.) Plaintiffs first alleged that Defendant's reliance on the Farajallah Declarations—which Defendant produced after the close of discovery—deviated considerably from Defendant's Second Amended Responses. (*Id.* at 2.) Second, Plaintiffs alleged that Defendant relied on factual assertions in conflict with the Second Amended Responses. (*Id.*) Defendant filed an Opposition to Motion for Supplemental Sanctions (Dkt. 110), and Plaintiffs filed a Reply (Dkt. 112).

Plaintiffs asked the Court to impose several sanctions. Substantively, they requested the Court to (1) strike the Farajallah Declarations, (2) deem as undisputed all factual assertions Defendant attempted to dispute by relying on the Farajallah Declarations or by otherwise deviating from the Second Amended Responses, and (3) reject all factual assertions Defendant attempted to establish based on the Farajallah Declarations or by deviating from the Second Amended Responses. (Pls.' Mot. Supplemental Sanctions Mem. Supp. at 5, 27). Furthermore, Plaintiffs requested that the Court award attorneys' fees and costs. (*Id.*) Specifically, they asked for (1) all costs and fees incurred in bringing the instant Motion for Supplemental Sanctions, (2) all costs and fees incurred in responding to Defendant's Cross-Motion for Summary Judgment, and (3) one-third of their costs and fees incurred in drafting the Reply brief in support of their

4

Motion for Summary Judgment. (*Id.*)

This Court entered an Order on October 2, 2019, granting in part Plaintiffs' Motion for Supplemental Sanctions. (Dkt. 113.) The Court (1) struck from the summary judgment record the Farajallah Declarations (Dkts. 101-2, 101-3) and paragraphs 1, 3-6, and 8-16 of Defendant's statement of undisputed facts in its Summary Judgment Brief (Dkt. 101); and (2) deemed undisputed paragraphs 2, 7, 10-13, 16, and 25 of Plaintiffs' Statement of Material Facts in their Brief in Support of their Motion for Summary Judgment (Dkt. 95). (*Id.*) The Court took Plaintiffs' request for attorneys' fees and costs under advisement to issue this Memorandum Opinion and Order.

Finally, Plaintiffs submitted a Supplemental Statement of Fees and Costs (Dkt. 114). Plaintiffs requested $10,949.50 in total attorneys' fees, including (1) $4,925.50 for bringing the Motion for Supplemental Sanctions; (2) $4,251.00 in responding to Defendant's Cross-Motion for Summary Judgment; and (3) $1,773.00 (one-third of $5,319.00) in responding to Defendant's Motion for Summary Judgment. (Pls.' Supp. Fees and Costs ¶¶ 6-7, Ex. A.) Plaintiffs did not incur any other reimbursable costs associated with the above matters. (*Id.* ¶ 7.)

II. ANALYSIS

A.     **Plaintiffs' Motion to Compel and Motion for Discovery Sanctions**

The Court will first analyze the attorneys' fees and costs for Plaintiffs' Motion to Compel and Motion for Discovery Sanctions. Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a court grants a motion to compel, then "the court must . . . require the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Therefore, if a court grants a motion to compel, it may only decline to award reasonable expenses if a limited exception

applies. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). In granting an award of attorneys' fees under Rule 37, the court must determine the lodestar figure by multiplying the reasonable number of expended hours times the reasonable rate. *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). Deciding what is "reasonable" is within the district court's discretion, but must be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009).

Here, the Court granted in part Plaintiffs' Motion to Compel (*See* Hr'g Tr. 18:8-12, Dkt. 75; Dkt. 67.) The Court further finds that none of the enumerated exceptions in Rule 37 apply and that Plaintiffs are entitled to reasonable attorneys' fees and expenses incurred in bringing their Motion to Compel and Motion for Discovery Sanctions.

First, the Court must analyze the amount of time Plaintiffs' attorneys spent in pursuing these two motions, as well as other related costs. Plaintiffs' attorneys and their staff—Christopher A. Abel, William A. M. Burke, and Hope Campbell—recorded the time they spent on this matter in their firm's timekeeping system. (Pls.' Fees and Costs, Ex. 1 ¶ 4.) Mr. Abel, the billing attorney for this matter, reviewed and approved all billing entries and incurred reimbursable costs. (*Id.* ¶ 5.) According to Plaintiffs' submissions, counsel spent a total of 82.6 hours on these matters. (*See id.* Ex. A.) However, upon review of counsels' time entries, the Court declines to award fees for every submission. The Court will not award fees for the time

6

Plaintiffs' counsel would have otherwise spent on the matter, regardless of whether the discovery dispute had occurred. For example, the Court declines to award fees for "review" of the discovery responses, because Plaintiffs' counsel would have needed to review Defendant's responses notwithstanding Plaintiffs' Motion to Compel and Motion for Discovery Sanctions. Accordingly, the Court finds that Plaintiffs shall be awarded fees for 74.6 hours of work on these matters.

Second, the Court also considers the twelve factors that must be taken into account when determining reasonable billing rates and hours. *See Robinson*, 560 F.3d at 243-44. Of the twelve factors, the Court finds that factor numbers (2) novelty or difficulty of the legal issue, (4) attorneys' opportunity costs, (6) attorneys' expectations for the litigation, (7) time limitations, (10) undesirability of the case, and (11) the nature and length of the attorney-client relationship, are insignificant here.

The remaining factors bear more significance. First, factor (1) the time and labor the attorneys and staff expended on the matter is relevant, as discussed above. Second, factor (9) the experience, reputation, and ability of the attorneys is helpful to consider. Attorneys and staff at Willcox & Savage, P.C. represent Plaintiffs in this matter. (Pls.' Notice Fees and Costs, Ex. 1 ¶ 2.) Christopher A. Abel is lead counsel. (*Id.*) According to his *curriculum vitae*, Mr. Abel has been admitted to the Virginia bar since 1990 and has been a member of the bar of the United States District Court for the Eastern District of Virginia since 1995. (*Id.* ¶ 9, Ex. C.) Mr. Abel has substantial experience in admiralty and maritime matters. (*See generally id.* Ex. C.) Mr. Abel specializes in admiralty work and regularly handles maritime insurance defense matters. (*Id.* ¶ 9, Ex. C.) He is a Procter in Admiralty, teaches Admiralty & Maritime Law at William and Mary Law School, and leads Willcox & Savage's Maritime Law Practice Section. (*Id.*)

Mr. Burke and Ms. Campbell assisted Mr. Abel. (*Id.* ¶ 2.) Mr. Burke is an associate attorney at Willcox & Savage. (*Id.*) He was admitted to the Virginia bar in 2016 and has worked at Willcox & Savage ever since. (*Id.* ¶ 10.) A substantial portion of his practice entails handling maritime insurance coverage matters under the supervision of Mr. Abel. (*Id.*) Lastly, Ms. Campbell is a paralegal at Willcox & Savage. (*Id.* ¶ 2.)

Factors (5) customary fees in like work and (12) attorneys' fees awards in similar cases are also relevant. To aid in this analysis, the Court looks to the United States Attorney's Office ("USAO") Attorney's Fee Matrix as a helpful guide. *See Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 575-76 (E.D. Va. 2016) (finding that the USAO Matrix is useful in determining reasonable attorneys' fees and that "other courts in the Fourth Circuit have used" the Matrix (citing *In re Neustar, Inc.*, No. 1:14cv885 (JJC/TRJ), 2015 WL 8484438, at *10 n.6 (E.D. Va. Dec. 8, 2015))). The current, relevant rates are as follows[3]:

| Years' Experience | Hourly Rate |
| --- | --- |
| 21-30 years | $572.00 |
| 2-3 years | $340.00 |
| Paralegals and Law Clerks | $166.00 |

Here, Mr. Abel's hourly rate is $275.00. (Pls.' Fees and Costs, Ex. 1 ¶ 3.) As Mr. Abel's affidavit indicates, his hourly rate is less than half of the amount the Matrix delineates for attorneys with approximately twenty-nine (29) years of experience. (*Id.* ¶ 11 ("Based on my decades of experience and knowledge of the hourly rates charged by practitioners of similar skill and experience in similar matters in the Alexandria, Virginia, area, the rates charged for my own . . . services are reasonable and, indeed, significantly less than those charged by practitioners of

---

[3] The matrix is hosted on the USAO's website for the District of Columbia. *See USAO Attorney's Fees Matrix—2015-2019*, U.S. Dep't Just., https://www.justice.gov/usao-dc/file/796471/download (last visited October 9, 2019).

similar experience in the Alexandria area.").) Mr. Burke's hourly rate in this matter is $215.00, which is over $100.00 less per hour than what the Matrix estimates for attorneys with approximately three (3) years of experience. (*Id.* ¶ 3.) Finally, Ms. Campbell's hourly rate is $130.00, which is also lower than what the Matrix estimates for paralegals and law clerks. (*Id.*) Accordingly, the Court finds that Plaintiffs' attorneys' fees are reasonable under factors (5) and (12).

The remaining factors—the skill required to properly perform the legal services (factor (3)) and the results obtained by the attorneys (factor (8))—further justify awarding Plaintiffs their requested fees as amended by the Court. Upon consideration of the time Plaintiffs' counsel spent on these matters and the relevant factors, the Court finds the attorneys' fees reasonable and will award Plaintiffs $17,253.00.

Furthermore, the Court has reviewed Plaintiffs' reimbursable costs. (*See id.* Ex. B.) The Court finds it appropriate to award Plaintiffs $97.00 for the court reporter's fee to obtain the transcript of the May 31, 2019 hearing, and $169.40 for the court reporter's fee to obtain the transcript of the July 12, 2019 hearing. (*See id.*) Accordingly, the Court will award Plaintiffs $266.40 in other reimbursable costs. In total, the Court will award Plaintiffs $17.519.40 in attorneys' fees and costs for their Motion to Compel and Motion for Discovery Sanctions.

## B. Plaintiffs' Motion for Supplemental Sanctions and Summary Judgment Pleadings

Next, the Court will consider the fees incurred in bringing Plaintiffs' Motion for Supplemental Sanctions, responding to Defendant's Cross-Motion for Summary Judgment, and drafting their Reply brief in support of their Motion for Summary Judgment. Federal Rule of Civil Procedure 37(b) authorizes a court to issue sanctions for failure to obey a discovery order. Fed. R. Civ. P. 37(b) ("If a party . . . fails to obey an order to provide or permit discovery . . . the

court where the action is pending may issue further just orders.") District courts can exercise "nearly unfettered discretion" in imposing sanctions for a party's failure to comply with prior discovery orders. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996) (citation omitted); *see also Vir2us, Inc. v. Invincea, Inc.*, 235 F. Supp. 3d 766, 779 (E.D. Va. 2017) ("District Courts enjoy broad discretion to select an appropriate [sanction] in light of the totality of the circumstances." (citation omitted)). Under Rule 37(b), possible sanctions include directing that certain facts be taken as established for the purposes of the underlying action, prohibiting the disobedient party from supporting or opposing certain claims or defenses, striking pleadings in whole or in part, rendering a default judgment against the disobedient party, or dismissing the action or proceeding in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Furthermore, pursuant to Rule 37(b)(2)(C), the district court can—in lieu of or in addition to the sanctions listed above—order the disobedient party or its attorney, or both, "to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C).

Here, the Court found that Defendant violated its prior discovery Orders, and entered an additional Order granting Plaintiffs relief by striking part of Defendant's summary judgment record and establishing multiple facts as undisputed. (*See* Dkt. 113.)[4] At that time, the Court took Plaintiffs' request for attorneys' fees and costs under advisement to issue this Memorandum Opinion and Order. (*Id.* n.1.) Now, the Court finds it appropriate under Rule 37(b)(2)(C) to issue additional sanctions by requiring Defendant to pay Plaintiffs' reasonable expenses incurred in responding to Defendant's violations of this Court's discovery Orders.

In awarding Plaintiffs' fees, the Court will first analyze the amount of time Plaintiffs' counsel spent on the motion and pleadings. As above, Mr. Abel, Mr. Burke, and Ms. Campbell

---

[4] Defendant has filed an objection to the undersigned's latest Order. (*See* Dkt. 115.)

10

worked on these matters. (Pls.' Supp. Fees and Costs ¶ 2.) Additionally, another associate at Willcox & Savage, Justin G. Guthrie, assisted in drafting Plaintiffs' Reply in Support of their Motion for Summary Judgment. (*Id.* Ex. A.) All told, Plaintiffs' counsel spent 24.1 hours on their Reply in Support of their Motion for Summary Judgment,[5] 19.4 hours on their Response to Defendant's Cross-Motion for Summary Judgment, and 22.3 hours on their Motion for Supplemental Sanctions. (*Id.*) The Court has reviewed the time entries submitted by Plaintiffs' counsel and finds them reasonable. Plaintiffs incurred $10.949.50 in attorneys' fees for these matters. (*See id.*)

Like above, the Court also considers the twelve factors in determining whether the fees are reasonable. *See Robinson*, 560 F.3d at 243-44. This analysis mirrors the one above as to factors (1), (2), (3), (4), (5), (7), (8), (10), and (11). However, the addition of Mr. Guthrie to Plaintiffs' counsel affects the Court's analysis as to factors (9) the experience, reputation, and ability of the attorneys and (5) customary fees in like work. As to factor (9), the Court finds that Mr. Guthrie has experience in maritime insurance matters. Mr. Guthrie is an associate attorney at Willcox & Savage. (Pls.' Supp. Fees and Costs ¶ 2.) He was admitted to the Virginia bar in 2017 and has practiced at Willcox & Savage ever since. (*Id.* ¶ 10.) He specializes in maritime and admiralty law, including maritime insurance matters. (*Id.* Ex. D.) As to factor (5), Mr. Guthrie's hourly rate in this matter is $215.00, like Mr. Burke. (*Id.* ¶ 3.) According to the USAO Matrix, his rate is also more than $100.00 less per hour than what the Matrix estimates for attorneys with approximately two (2) years of experience. (*See id.*) Accordingly, after considering Plaintiffs' counsels' time entries and the twelve factors, the Court again finds that Plaintiffs' submitted fees

---

[5] Plaintiffs, however, have only requested that the Court award them attorneys' fees for one-third of their costs and fees incurred in drafting the Reply Brief in support of their Motion for Summary Judgment. (Pls.' Mot. Supplemental Sanctions Mem. Supp. at 5, 27).

are reasonable and will accordingly award them $10,949.50.

### III. ORDER

Upon review of Plaintiffs' submissions of their attorneys' fees and costs, it is hereby

**ORDERED** that Plaintiffs' Motion for Supplemental Sanctions is **GRANTED IN PART**.[6] It is further

**ORDERED** that Defendant shall pay Plaintiffs the total sum of $28,468.90 within twenty (20) days of the date of this Order.

**ENTERED** this 9th day of October, 2019.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

---

[6] The Court previously granted in part Plaintiffs' Motion for Supplemental Sanctions and took Plaintiffs' request for attorneys' fees and costs under advisement. (*See* Dkt. 113.)