**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER B0823PP1308460, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANFORT COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:18-cv-1421 (TSE/TCB)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Order to Show Cause (Dkt. 131). For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that (1) the Court hold Defendant in civil contempt for its failure to comply with this Court's October 9 Order (Dkt. 119); (2) the Court give Defendant five (5) days from the date of the Court's Order to pay Plaintiffs; (3) if Defendant fails to comply within five (5) days, the Court impose a daily fine of $1,000.00 until Defendant complies with the October 9 Order (by paying Plaintiffs $28,468.90); (4) the Court order Plaintiffs to submit a statement of reasonable attorneys' fees and costs incurred in bringing the instant Motion; and (5) the Court award Plaintiffs' reasonable attorneys' fees and costs.

### I.   BACKGROUND AND PROPOSED FINDINGS OF FACT

This matter has a lengthy procedural history of Defendant's refusal to comply with this Court's orders. The undersigned will address the relevant history here and outline the proposed factual findings.

1

The undersigned issued a Memorandum Opinion and Order on October 9, 2019, imposing monetary sanctions on Defendant. (Dkt. 119). Specifically, the Court awarded Plaintiffs (1) $17,519.40 in attorneys' fees and costs for their Motions to Compel and for Discovery Sanctions (Dkts. 60, 76); and (2) $10,949.50 in attorneys' fees for their Motion for Supplemental Sanctions (Dkt. 105).[1] In sum, Defendant was ordered to pay Plaintiffs $28,468.90 within twenty (20) days of the date of the Order. (Dkt. 119.) Defendant's payment was therefore due on October 29, 2019.

When the Court issued the October 9 Memorandum Opinion and Order, the parties' various motions for summary judgment were also pending before the Court. (*See* Dkts. 94, 100.) The Court ultimately entered a Memorandum Opinion and Order granting Plaintiffs' motion for summary judgment and denying Defendant's cross-motion for summary judgment. (Dkts. 122-24.) The Clerk entered Rule 58 Judgment on October 22, 2019. (Dkt. 125.) Defendant later filed a Motion for Reconsideration on October 28, 2019 (Dkt. 126) and a Motion to Alter or Provide Relief from Judgment and for Reconsideration of Summary Judgment Opinion and Order on November 1, 2019 (Dkt. 127).

On October 29—Defendant's deadline to pay Plaintiffs—Defendant's then-counsel emailed Plaintiffs' counsel, stating: "We have decided to wait until the court rules on the motion for reconsideration that we filed yesterday before making payment." (Dkt. 132-1.) Plaintiffs' counsel urged Defendant to reconsider its position, but Defendant still refused to timely pay the sanctions. (Dkt. 132 at 2-3.) Defendants did not seek leave of Court nor ask the Court to continue its deadline for payment.

On November 4, Plaintiffs filed the instant Motion, moving for an order directing

---

[1] This Court's Memorandum Opinion and Order addresses in depth the respective motions and the reasoning for awarding Plaintiffs' attorneys' fees and costs. (*See* Dkt. 119.)

Defendant to appear and show cause "why it should not be held in contempt of court for its deliberate violation of the Court's Order of October 9, 2019 . . . through its unilateral refusal to pay the monetary sanctions it was ordered to pay." (Dkt. 131.) Plaintiffs noticed the motion for a hearing date on November 22, 2019 (Dkt. 134).

In the following weeks, the Court denied Defendant's Motion for Reconsideration (Dkt. 126) and Defendant's Motion to Alter or Provide Relief from Judgment (Dkt. 127). (Dkt. 136). Further, the two attorneys who had appeared on behalf of Defendant—William Chick, Jr. and David Elkind (*pro hac vice*)—filed motions to withdraw as counsel. (Dkts. 129, 137). This Court entered an Order on November 18 granting counsels' respective motions to withdraw. (Dkt. 140.) The Order further required Mr. Chick and Mr. Elkind to "inform [Defendant] that [it] must hire new counsel to represent [it] in this matter" and allowed thirty (30) days for Defendant's new counsel to file a notice of appearance. (*Id.* at 2.) Because Plaintiffs' instant Motion was still pending (and scheduled for a hearing on November 22), this Court held the Motion in abeyance and postponed the hearing until Defendant's new counsel filed a notice of appearance. (*Id.* at 3.) If no counsel filed an appearance by December 18, 2019 at 5:00 p.m., the Court would decide Plaintiffs' Motion on the papers. (*Id.*)

No new counsel for Defendant filed a notice of appearance by December 18 at 5:00 p.m. On December 19, the undersigned issued an order granting Plaintiffs' instant Motion in part. (Dkt. 141). It further ordered Defendant to appear before the Court on Friday, January 10, 2020 to show cause why it should not be held in contempt. (*Id.*) The Court stated that it would consider Plaintiffs' additional requests for attorneys' fees and sanctions after the show-cause hearing. (*Id.*) At the January 10 hearing before the undersigned, Defendant failed to appear or respond in any fashion. (Dkt. 142.) The undersigned took this matter under advisement to issue

3

this Report and Recommendation. (*Id.*)

    II.    PROPOSED CONCLUSIONS OF LAW AND PLAINTIFFS' REQUESTED RELIEF

**A.    Civil Contempt**

    Plaintiffs first argue that Defendant should be held in civil contempt of court because it has knowingly violated the Court's Order. Holding a party in civil contempt is intended to coerce that party into complying with a court order or to compensate the moving party for sustained losses. *JTH Tax, Inc. v. Lee*, 540 F. Supp. 2d 642, 645 (E.D. Va. 2007). In the Fourth Circuit, the moving party must establish the following elements by clear and convincing evidence: (1) the existence of valid court order "of which the alleged contemnor had actual or constructive knowledge"; (2) the order was in the movant's favor; (3) the nonmovant knowingly failed to comply with the order; and (4) the movant suffered harm as a result. *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018). A court may therefore hold a party in civil contempt if it finds that the party knowingly violated a clear court order. *See In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995). The undersigned will address each element in turn.

    1.    *Defendant's Knowledge of a Valid Court Order*

    First, the undersigned finds that (1) the October 9 Order is valid and (2) Defendant was aware of the Order. While Defendant could have objected to the October 9 Order under Federal Rule of Civil Procedure 72(a), it failed to do so within fourteen (14) days of the date of the Order. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [nondispositive] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.") Accordingly, the undersigned's October 9 Order is valid. Moreover, there can be no question that Defendant was at least constructively aware of the

Order. After the Court issued the Order, Defendant was still actively involved in this matter, including (1) appearing for a hearing on October 11 before the District Court (*see* Dkt. 120); (2) filing a Motion for Reconsideration (Dkt. 126); and (3) filing a Motion to Alter or Provide Relief from Judgment (Dkt. 127). The undersigned must conclude that Defendant was at least constructively aware of the Order. Furthermore, Defendant's counsel recognized the existence of the Order in his email to Plaintiffs' counsel, as noted above. (Dkt. 132-1 ("We have decided to wait until the court rules on the motion for reconsideration that we filed yesterday *before making payment*." (emphasis added)).)

### 2.    *The Order Was in Plaintiffs' Favor*

Second, the October 9 Order was unequivocally in Plaintiffs' favor. The Order (1) granted in part *Plaintiffs'* Motion for Supplemental Sanctions and (2) required Defendant to "pay Plaintiffs the total sum of $28,468.90 within twenty (20) days of the date of this Order." (Dkt. 119 at 12.) Accordingly, the undersigned finds this second element satisfied.

### 3.    *Defendant's Knowing Noncompliance with the Order*

Third, the undersigned finds that Defendant knowingly failed to comply with the Order. Again, as Defendant's counsel's email indicates, Defendant was aware that it needed to pay Plaintiffs $28,468.90 by October 29 and it unilaterally decided to not comply with the payment deadline. (*See* Dkt. 132-1.) Furthermore, as Plaintiffs point out, counsel's supposed excuse— filing a motion for reconsideration—would not excuse Defendant's delay or noncompliance in any event. Therefore, the undersigned must conclude that Defendant knowingly violated the Order.

4.    *Plaintiffs Have Suffered Harm as a Result*

Lastly, it is clear that Plaintiffs have been harmed by Defendant's noncompliance. The ordered payment includes discovery sanctions as well as reimbursement for Plaintiffs' attorneys' fees and costs. (*See* Dkt. 119.)   Because Plaintiffs have not been paid, they have had to wrongfully absorb these fees and costs. Furthermore, because of Defendant's history of noncompliance in this matter, Plaintiffs have had to consistently expend resources in an attempt to secure compliance with this Court's orders. Accordingly, the undersigned finds that this final element is satisfied.

In sum, the undersigned finds that it is appropriate to hold Defendant in civil contempt of court.

**B.    Coercive and Compensatory Monetary Sanctions**

In light of the above analysis, Plaintiffs request that the Court impose further monetary sanctions on Defendant. District courts have wide discretion in fashioning civil-contempt remedies. *JTH Tax*, 540 F. Supp. 2d at 647. A district court can impose monetary penalties to coerce compliance or to compensate the moving party for harm incurred because of the nonmoving party's noncompliance. *Id.* Furthermore, the court may award the movant's attorney fees and costs. *See In re Gen. Motors*, 61 F.3d at 259; *Buffalo Wings Factory, Inc. v. Mohd*, No. 1:07CV612 (JCC), 2008 WL 4642163, at *4 (E.D. Va. Oct. 15, 2008).

Here, Plaintiffs argue that because Defendant "has proved unwilling to obey the Court's orders, . . . sanctions should include a daily fine levied against [Defendant] in an amount sufficient to compel its compliance for each further day that expires without [it] having paid the sanctions award in full." (Dkt. 132 at 7.) Plaintiffs suggest a fine of $1,000.00 per day. (*Id.*) Additionally, Plaintiffs argue that the Court should award Plaintiffs' reasonable attorneys' fees

and costs incurred in pursuing the instant Motion. (*Id.*)

It is worth noting here that Defendant's conduct in this case has been regrettable and that the Court has sanctioned Defendant over the course of this matter. *See, e.g.*, Dkt. 89 (granting in part Plaintiffs' Motion for Discovery Sanctions); Dkt. 113 (granting in part Plaintiffs' Motion for Supplemental Sanctions, striking a portion of Defendant's summary judgment record, and deeming undisputed some of Plaintiffs' material facts on summary judgment); Dkt. 119 (granting Plaintiffs' attorneys' fees and costs incurred in bringing their motion to compel, motion for discovery sanctions, and motion for supplemental sanctions). The undersigned is cognizant that Defendant would be held in civil contempt of court for its failure to comply with only one Court order. But Defendant's history of noncompliance demonstrates that even significant sanctions— monetary and otherwise—have been ineffective at deterring Defendant's unnecessary, unprofessional, and unethical behavior.

The undersigned therefore finds that Plaintiffs' request is reasonable. Defendant's behavior has continually demonstrated its unwillingness to comply with this Court's orders. Therefore, the undersigned finds it necessary to impose a daily fine that will incentivize Defendant's rapid compliance. *See Landman v. Royster*, 354 F. Supp. 1292, 1301 (E.D. Va. 1973) (finding a $25,000 fine appropriate to "impress upon the defendants the need to take all steps necessary to carry out all facets of the Court's order"). Here, Defendant *admitted* that it was aware of its obligation to pay the fine, and yet it unilaterally and unjustifiably decided not to. (*See* Dkt. 132-1). And after this Court granted Defendant's counsels' respective motions to withdraw, Defendant failed to obtain new counsel (as far as the Court is aware) and appear for the show-cause hearing before the undersigned. Defendant has had ample time—since October 9—to comply with the underlying Order. Yet Defendant has failed time and again to act

reasonably. The undersigned therefore recommends that the Court give Defendant five (5) days from the date of its Order to pay Plaintiffs, and then start imposing a $1,000.00 *per diem* fine for every day after that in which Defendant fails to pay Plaintiffs.

The undersigned further notes that there are no other readily available remedies here. The Court has already granted Plaintiffs' Motion for Summary Judgment and denied Defendant's Motion for Reconsideration and its Motion to Alter or Provide Relief from Judgment and for Reconsideration of Summary Judgment Opinion and Order. Therefore, the undersigned finds that a daily fine is most appropriate to ensure compliance with this Court's Order.

## IV.   RECOMMENDATION

The undersigned recommends that (1) the Court hold Defendant in civil contempt for its failure to comply with this Court's October 9 Order (Dkt. 119); (2) the Court give Defendant five (5) days from the date of the Court's Order to pay Plaintiffs; (3) if Defendant fails to comply within five (5) days, the Court impose a daily fine of $1,000.00 until Defendant complies with the October 9 Order (by paying Plaintiffs $28,468.90); (4) the Court order Plaintiffs to submit a statement of reasonable attorneys' fees and costs incurred in bringing the instant Motion; and (5) the Court award Plaintiffs' reasonable attorneys' fees and costs.

## V.   NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to

28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within

fourteen (14) days of its service. Failure to object to this Report and Recommendation waives

appellate review of any judgment based on it.

_____   /s/

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February 3, 2020
Alexandria, Virginia