IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CERTAIN UNDERWRITERS AT ) <br> LLOYD'S, LONDON SUBSCRIBING TO ) <br> POLICY NUMBER BO 823PP1308460, *et* ) <br> *al.*, ) <br>     Plaintiffs, ) <br>     v. ) <br> ) <br> ADVANFORT COMPANY, ) <br>     Defendant. ) | Case No. 1:18-cv-1421 |

## ORDER

On February 3, 2020, United States Magistrate Judge Theresa Carroll Buchanan entered a Report and Recommendation ("Report") in this case, recommending (i) that defendant be held in civil contempt for its failure to comply with the Magistrate Judge's October 9, 2019 Order; (ii) that defendant be given five (5) days from the entry of this order to pay plaintiffs; (iii) that if defendant fails to pay plaintiffs within five (5) days, a daily fine of $1,000.00 be imposed until defendant complies with the Magistrate Judge's October 9, 2019 Order by paying plaintiffs $28,468.90; (iv) that plaintiffs submit a statement of reasonable attorneys' fees and costs incurred in bringing its motion for order to show cause; and (v) that plaintiffs be awarded reasonable attorneys' fees and costs related to its motion for order to show cause.

Upon consideration of the record and the Magistrate Judge's Report, to which no objections have been filed, and having found no clear error,[1]

The Court **ADOPTS**, as its own, the findings of fact of the United States Magistrate

---

[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a magistrate's report, the court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'").

1

Judge, as set forth in the Report (Dkt. 143).

Accordingly,

It is hereby **ORDERED** that plaintiffs' motion for order to show cause (Dkt. 131) is **GRANTED**.

It is further **ORDERED** that defendant is **HELD IN CIVIL CONTEMPT** for its failure to comply with the Magistrate Judge's October 9, 2019 Order (Dkt. 119).

It is further **ORDERED** that defendant has until **Monday, March 3, 2020 at 5 p.m.** to pay plaintiffs $28,468.90.[2] **If defendant fails to pay plaintiffs by 5 p.m. on Monday, March 3, 2020, a daily fine of $1,000.00 is imposed** until defendant complies with the Magistrate Judge's October 9, 2019 Order.[3]

It is further **ORDERED** that plaintiffs submit a statement of reasonable attorneys' fees and costs incurred in bringing its motion for order to show cause. Plaintiffs are **AWARDED**

---

[2] For a non-compensatory fine to qualify as a civil contempt fine as opposed to a criminal contempt fine, a contemnor must be afforded an opportunity to purge such contempt. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (citing *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 590 (1947)). Although the Report provided a five-day period for defendant to purge its contempt before imposing a daily fine, a ten-day period of time is more reasonable in the circumstances presented here.

[3] It is well-settled that the imposition of a daily fine to coerce a party into complying with a court's order is within a district court's civil contempt power. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (per diem fine imposed for each day a contemnor fails to comply with an affirmative court order is a civil contempt fine); *United States v. Darwin Const. Co.*, 873 F.2d 750, 756 (4th Cir. 1989) (holding that the imposition of a fine of $5,000 per day within a district court's discretion to coerce the contemnor to comply with an IRS summons, but holding it improper to impose the fine on business holidays); *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 215 (4th Cir. 2015) (affirming the district court's imposition of a fine of $1,000 per day for civil contempt); *see also JTH Tax, Inc. v. Lee*, 540 F. Supp. 2d 642, 647 (E.D. Va. 2007) (imposing coercive fine of $500 per day for civil contempt); *United States v. Anderson*, No. CA 3:10-510-JFA, 2011 WL 221882, at *13 (D.S.C. Jan. 24, 2011) (imposing coercive fine of $500 per day for civil contempt); *In re Gregg*, 428 B.R. 345, 348 (Bankr. D.S.C. 2009) (imposing coercive fine of $500 per day for civil contempt); *United States v. Renfrow*, No. 5:07-CV-117(FL), 2009 WL 10690014, at *2 (E.D.N.C. Nov. 18, 2009) (imposing coercive fine of $500 per day for civil contempt).

Accordingly, a coercive fine of $1,000 per day, if defendant does not comply with the Magistrate Judge's October 9, 2019 Order by 5 p.m. on Monday March 3, 2020, is reasonable in this case. Consistent with Fourth Circuit precedent, this coercive fine of $1,000 per day will not be imposed on business holidays, namely weekends and federal holidays. *See United States v. Darwin Const. Co.*, 873 F.2d 750, 756-57 (4th Cir. 1989).

reasonable attorneys' fees and costs related to its motion for order to show cause.

The Clerk is directed to send a copy of this Order to plaintiffs and to defendant at the address(es) listed in the case file, and to all counsel of record.

Alexandria, Virginia
February 21, 2020

/s/ _____
T. S. Ellis, III
United States District Judge